UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Larry Taylor, a/k/a,
Albert Lacey Wilson,

Petitioner,

vs. REPORT AND RECOMMENDATION

United States District
Court for the District
of Minnesota,

Respondent. Civ. No. 01-33 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 18th day of June, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see, Title 28 U.S.C. §2241,[1] which alleges that the Petitioner is being illegally detained, by the Respondent, for reasons which are violative of his rights under the Constitution, laws, or Treaties of the United States. The

[1]The Petitioner actually identifies his Habeas Petition as arising under Title 28 U.S.C. §2254, which applies to prisoners in State custody. However, as it appears that he is in Federal custody, his recourse is under Section 2241, rather than Section 2254.

FILED JUN 18 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(11)

Petitioner has appeared pro se, and the Respondent has appeared by Paul A. Murphy, Assistant United States Attorney.

For reasons which follow, we recommend that the Petition be denied.

## II. Factual and Procedural History

The Petitioner is currently served a 200-month prison sentence, after pleading guilty on December 29, 1992, to one Count of Armed Bank Robbery. In exchange for the Petitioner's guilty plea, the Government agreed to dismiss the remaining five Counts of the Indictment. See, Exhibit 2, at 4, attached to Government's Attachments 1-3. The parties also agreed that the statutory maximum penalty for the offense, to which the Petitioner pled guilty, was up to twenty-five years in prison. Id.

In the Plea Agreement, under the Career Offender Status, the Petitioner acknowledged, for purposes of calculating his sentence, that he was a career offender. Id. at 5-7. Thus, the Petitioners's offense level was increased, and the corresponding guideline range was 262 to 327 months. Id. at 7. The Petitioner claimed that he was entitled to a three point reduction for acceptance of responsibility, which was left to the discretion of the Court. Id.

The United States District Court for the District of Minnesota initially granted the Petitioner a two point reduction, which placed him in the guideline range of 210 to 262 months. The Petitioner

then appealed his sentence, arguing that he was eligible for a three-point reduction, instead of a two-point reduction, for acceptance of responsibility. The case was remanded to the Sentencing Court, by the Eighth Circuit, at the request of the Government. On October 22, 1993, the Petitioner was granted a three-level reduction for acceptance of responsibility, which resulted in a guideline range of 188 to 235 months. Exhibit 3, attached to Government's Exhibits 1-3. Ultimately, the Petitioner was sentenced to 200-months of imprisonment. Id.

The Petitioner now brings this Habeas Petition, in which he asserts that his sentence enhancement, as a Career Offender, is in violation of the Supreme Court's recent decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). He requests that the Court set aside his Judgment, and resentence him under the correct sentencing range.

## III. Discussion

The Petitioner's contention, that Apprendi invalidates his sentence as a Career Offender, need not long detain us. In Apprendi, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. However, the Supreme Court has previously held that a prior conviction for

a crime may constitutionally be treated as a sentencing factor, rather than an element of the offense, even if it increases the applicable statutory maximum. See, Almendarez-Torres v. United States, 523 U.S. 224 (1998). Even though the Petitioner contends that the Supreme Court overruled Almendarez-Torres by its reasoning in Apprendi, our Court of Appeals has determined that Almendarez-Torres was not overruled by the Supreme Court's decision in Apprendi. See, United States v. Abundis-Quesadas, 2001 WL 214086 at *1 (8th Cir., March 6, 2001)[Table Decision]; United States v. Rush, 240 F.3d 729, 730 (8th Cir. 2001); United States v. Aguayo-Delgado, 220 F.3d 926, 932 n.4 (8th Cir. 2000)("In Apprendi, the Court left Almendarez-Torres untouched, although * * * [it] expressed a willingness to reconsider it."), cert. denied 121 S.Ct. 600 (2000); see also, United States v. Dorris, 236 F.3d 582 (10th Cir. 2000). Thus, as Almendarez-Torres is still good law in this Circuit, and, as a result, a prior conviction can constitutionally be treated as a sentencing factor, the Petitioner's Habeas Petition must be denied. Accordingly, we recommend that the Habeas Petition be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petition for a Writ of Habeas Corpus [Docket No. 1] be denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 6, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 6, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to

review the transcript in order to resolve all of the objections made.