**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Larry Taylor, a/k/a Albert Lacey Wilson,

Petitioner,

vs. Civ. No. 01-33 (RHK/RLE)

United States District Court for the District of Minnesota,

**ORDER**

Respondent.

---

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above matter, **IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**.

The Court anticipates that Taylor will seek review of this Court's denial of his 2255 Motion. A federal prisoner may not appeal a final order in a proceeding under 28 U.S.C. § 2255 without first securing a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Federal district courts cannot grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28

JUL 16 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUL 16 2001
DEPUTY CLERK

U.S.C. § 2253(c)(2) (emphasis added); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A certificate of appealability will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, does not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

The Court determines that Taylor's claims of error are not the kind of claims that are "debatable among reasonable jurists." Flieger, 16 F.3d at 882-83. Nor do the claims present any novel or noteworthy questions of law that would warrant appellate review. Furthermore, "habeas relief is warranted only if the [trial court's error] contains a fundamental defect resulting in a complete miscarriage of justice." Roberts v. Bowersox, 137 F.3d 1062, 1068 (8th Cir. 1998), cert. denied, 119 S. Ct. 808 (1999). Because Taylor cannot show, from the record before the Court, how the issues about which he complains contain any such defect or are

"debatable among reasonable jurists," the Court concludes that Taylor is not entitled to a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 16, 2001

Richard H. Kyle
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JUL 16 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995